UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTY KELLEY, | No. 2:22-cv-00370-WBS-CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KATHLEEN ALLISON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition on the basis that the claims for relief are not cognizable in this federal habeas action. ECF No. 10. Petitioner has filed an opposition to the motion. ECF No. 11. For the reasons that follow, the undersigned recommends granting respondent's motion to dismiss.

**I.     Factual and Procedural History**

Petitioner is serving a 15 to life sentence following his conviction for first degree murder in the San Diego County Superior Court. ECF No. 1 at 1, 44. The habeas corpus application, however, challenges petitioner's 2019 prison disciplinary violation for battery causing serious injury. See ECF No. 1 at 69, 73-85 (Rules Violation Report ("RVR") and Disciplinary Hearing Results). As a result of this disciplinary violation, petitioner lost 360 days of custody credits which are not restorable. ECF No. 1 at 84. Petitioner raises several due process challenges to the

1

prison disciplinary hearing and a separate sufficiency of the evidence challenge to the finding that he was guilty of battery. ECF No. 1 at 28-42. Petitioner also contends that this disciplinary conviction is capable of being challenged in a federal habeas application because it disqualified him from early parole consideration and thus a speedier release from incarceration. See ECF No. 1 at 153 (Administrative Review Decision Form by the Board of Parole Hearings); see also California Penal Code § 3041.5(b)(4). By way of relief, petitioner requests that the administrative finding of guilt be vacated, the disciplinary conviction be purged from his central prison file, and his custody credits and prior custody level be restored. ECF No. 1 at 15.

## II. Motion to Dismiss

In a motion to dismiss filed on April 22, 2022, respondent asserts that petitioner's claims for relief are not cognizable in the pending federal habeas action because success on his claims would not implicate the fact or duration of his confinement. ECF No. 10 at 3 (citing Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc). According to respondent, because petitioner's actual release date will be determined by the California Board of Parole Hearings, "an order reversing the prison disciplinary [finding] and restoring his custody credits will not necessarily result in a shorter period of incarceration." ECF No. 10 at 2. Respondent asks the court to dismiss the habeas petition in its entirety. See Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner's opposition to the motion explains the relevant case law differentiating between cognizable claims in a federal habeas corpus petition versus those raised in a federal civil rights action. ECF No. 11. According to petitioner, his minimum eligible parole date ("MEPD") was July 28, 2005 and his last parole hearing was on December 13, 2018, resulting in a three year denial due to his lack of written parole and relapse prevention plans. ECF No. 11 at 3. Petitioner's next parole hearing was not advanced based on his 2019 disciplinary conviction. ECF No. 11 at 3; see also ECF No. 1 at 153. Based on this denial of an earlier parole suitability hearing, petitioner argues that his claims do affect the duration of his confinement, and are, therefore, cognizable on habeas. Id.

////

**III.    Analysis**

While the parties agree on the relevant legal standards to be applied in this case, they dispute the application of those standards to the claims raised in petitioner's habeas corpus application.  In Nettles v. Grounds, 830 F.3d 922 (2016), the Ninth Circuit Court of Appeal concluded that a prisoner's § 2254 petition challenging a prison disciplinary violation did not fall within the "core of habeas corpus" and therefore could only be challenged in a § 1983 action. The Court reasoned that "[s]uccess on the merits of Nettles's claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole."  Nettles, 830 F.3d at 934-35.  "A rules violation is merely one of the factors shedding light on whether a prisoner 'constitutes a current threat to public safety'" so as to justify granting him or her parole.  Id. at 935.  While petitioner argues to the contrary, the record evidence in this case supports the reasoning of the Ninth Circuit's decision in Nettles.  Although petitioner has been eligible for parole since 2005, he was last denied parole in 2018 because he lacked a written parole and relapse prevention plan.  ECF No. 11 at 3.  Therefore, petitioner's lack of a disciplinary violation in 2018 was not sufficient, by itself, to be granted parole.  Petitioner submits that vacating his disciplinary violation, in combination with his youthful offender status, would be sufficient for him to be granted parole. However, this court is not in the business of prognosticating what factors would make a difference in a state parole suitability hearing, nor should it be according to the decision in Nettles, 830 F.3d at 934.[1]  Applying the bright line rule articulated in Nettles, petitioner's claims challenging his 2019 prison disciplinary violation are not cognizable in the present habeas corpus action.  The undersigned therefore recommends granting respondent's motion to dismiss based on lack of jurisdiction.[2]

---

[1] The Ninth Circuit adopted the "core of habeas" standard articulated in Skinner v. Switzer, 562 U.S. 521 (2011) because it did "not require… guess[ing] at the discretionary decisions of state officials in order to determine whether an action sounds in habeas or § 1983…."  Nettles v. Grounds, 830 F.3d at 934.

[2] The court recognizes its discretion to convert petitioner's § 2254 application to a § 1983 action, however, it declines to exercise its discretion in this case.  See Nettles v. Grounds, 830 F.3d at

3

**IV.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The undersigned has concluded that the motion to dismiss should be granted because the relief you are seeking would not lead to speedier release from custody which is the purpose of the writ of habeas corpus.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the case and make the final decision.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted; and,
2. Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the

---

936 (stating that "a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner"). However, provisions of the Prison Litigation Reform Act of 1995 ("PLRA") complicate a court's decision to recharacterize a habeas petition as a civil rights complaint. Due to the PLRA's filing fee requirements, its provisions requiring sua sponte screening of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless he or she clearly expresses a desire to do so. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e. The court's recommendation to grant respondent's motion to dismiss is without prejudice to filing a separate § 1983 action should petitioner choose to do so.

1  applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of
2  appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it
3  debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of
4  reason would find it debatable whether the petition states a valid claim of the denial of a
5  constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.
6  McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed
7  within fourteen days after service of the objections.  The parties are advised that failure to file
8  objections within the specified time may waive the right to appeal the District Court's order.
9  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 18, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kell0370.mtd.RVR.docx

5